Clow *et al. v.* Brown *et al.*

No. 15,809.

CLOW ET AL. *v.* BROWN ET AL.

PLEADING.—*Sufficiency of Complaint.*—*Action Against Directors of Water-Works Company.*—*Corporation.*—*Forfeiture.*—In an action against the directors of a water-works company to enforce a forfeiture for failure to collect the capital stock in the time alloted by law, the complaint sufficiently shows that the company was organized under the "manufacturing and mining associations act," which alleges that the company was organized for the purpose of constructing, running, and operating a water-works system, as that is the only act under which the company could have organized for such purpose.

SAME.—*Necessary Parties Defendant.*—*Water-Works Company.*—*Directors of.*—*Suit Against.*—In such an action, it is immaterial whether the plaintiff sue all or a majority of the directors; for whatever duty is enjoined, the violation of which will leave the company insolvent, is, by the terms of the statute, mandatory, and a refusal on behalf of any number of the directors to enforce the duty of the company to collect the stock, is an assent to the violation of its duty.

EVIDENCE.—*Water-Works Company.*—*Payment for Stock.*—*Secretary Competent Witness.*—In an action against a water-works company, where the material question in issue was whether the stock had been paid for, the secretary of the water-works company may testify as to such question, such fact not appearing upon the face of the contract upon which the stock was issued.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *S. C. Kennedy,* for appellants.

*B. Crane, A. B. Anderson* and *C. Martindale,* for appellees.

HACKNEY, J.—The appellants sued the appellees as directors of the Crawfordsville Water-Works Company, a corporation organized for the purpose of constructing, owning, and operating a system of water-works.

The complaint is in two paragraphs, in the first of which it is averred, that said company was organized in the year 1885, for the purpose of constructing, owning, and operating a system of water-works at said city; that

the capital stock was originally stated at $100,000, but was thereafter increased to $200,000, as stated in the articles of association; that the appellees were elected directors, and proceeded to transact the business of the company; that after constructing the system, the company became indebted to the appellants, and said indebtedness was reduced to a judgment against said company in the sum of $4,019.

It is further alleged that the company violated the law in these respects: That it did not, within eighteen months after its organization, proceed to collect, and has never collected, any part of the capital stock thereof; that the defendants, though directors of said company when appellants' debt was contracted, and from the organization of the company to this time, "have failed, refused and neglected to collect any part of said capital stock, and to put the same in the treasury;" that, by reason of the failure to collect said capital stock, the company has become insolvent, and appellants' debt can not be made from said company.

The second paragraph is like the first, except that it alleges the execution, by the defendants, of a false and fraudulent mortgage on the property of the company.

The issue was joined by a general denial by all of the appellees.

The action is for the recovery by the appellants from the appellees of the amount of said indebtedness as a penalty for the violation of the duty alleged to have been violated in failing and refusing to collect the subscribed stock of the company.

Section 3859, R. S. 1881, provides that "The capital-stock, as fixed by such company, shall be paid into the treasury thereof, within eighteen months from the incorporation of the same."

Section 3868 is as follows:   "If any company organ-

ized and established under the authority of this act, and of the act to which this is supplementary, shall violate any of the provisions thereof, and shall thereby become insolvent, the directors ordering or assenting to such violation shall jointly and severally be liable, in an action founded on said acts, for all debts contracted after such violation as aforesaid.''

Section 3866 is in these words: ''When any of the officers of such corporation shall be liable, by the provisions of this act, to pay the debt of such company, any person to whom they shall be so liable may have an action against such officer; and the declaration or statement, in such action, shall specify the claim against the company, and the ground upon which the plaintiff charges the defendant personally; and such action may be brought although suit be pending against the company for the same claim or demand, and both be prosecuted until the plaintiff shall have recovered his debt with costs and charges.''

The appellees urge us to disregard the error assigned, the overruling of the motion for a new trial, because of the insufficiency of the complaint.

Cross-error is not assigned by the appellees, but we will not inquire whether the question is properly raised, feeling that the complaint is probably sufficient, and that the merits of the case and the substantial interests of the parties should receive our consideration.

The first point made against the complaint is, that it does not allege that the company was organized under the manufacturing and mining associations act—R. S. 1881, section 3851, *et seq.;* that the penalty sought is provided by that act, and as there is another act under which the company might have organized (R. S. 1881, section 4200, *et seq.*), it does not appear that the appel-

lees are subject to the penalty so provided, the latter act not providing such penalty.

The complaint charges that this company was organized for the purpose of constructing, owning, and operating a water-works system. The manufacturing and mining associations act is the only act under which, for such purpose, the company could have organized.

The sections 4200 *et seq.*, R. S. 1881, *supra*, provide for the organization, not of companies to construct, own and operate, but of companies having purchased systems of water-works at sales under judgments or decrees of courts of competent jurisdiction within this State.

The fair interpretation of the complaint would preclude the holding that the company could have been organized under section 4200, *et seq.*, R. S. 1881, *supra*.

The further contention is, that the complaint alleges no violation of a duty of the directors, cast upon them by the act providing the penalty; that the collection of the stock is charged upon the treasurer; that the capital stock is directed by statute to be paid in such installments as the by-laws of the company may assess and direct, and that no mandatory provision is made as to how such stock shall be paid, whether in cash, "meal or malt," or money or goods.

Whatever duty is enjoined, the violation of which shall leave the company insolvent, is by the terms of the R. S., section 3868, *supra*, mandatory.

The theory of the complaint is, that the stock was not paid. It is not a question upon the complaint as to what payment may properly be made in, whether cash, labor, or materials.

And it is asserted that the complaint is insufficient, in the failure to allege how many directors there were in

said company, and that the appellees constituted all, or a majority, of the board.

The statute provides that "the directors ordering or assenting to such violation shall jointly and severally be liable." It is therefore immaterial whether the appellees constituted all or a majority of the directors. And it may be said that if the directors, or any number of them, refused to enforce, on behalf of the company, the duty of the company to collect the stock, such refusal is an assent to the violation of the company's duty.

In the course of the trial, the secretary of the company was upon the witness stand in behalf of the appellants, and, after testifying that $197,000 of the company's stock was issued to Comegeys & Lewis, was asked what the stock was issued to them for?

Upon the objection of the appellees, that the stock so issued was upon a written contract between the company and Comegeys & Lewis, a contract was delivered to the presiding judge for inspection, which, in substance, provided that Comegeys & Lewis were to furnish the labor and material, and construct the system of water-works, and in payment therefor were to receive $150,000 of the company's first mortgage bonds, and stock in said company of the par value of $197,000.

The court then denied the appellants the right to inquire as to the payment by Comegeys & Lewis for the stock, stating that the contract was binding between the parties if executed, and, until its execution was contradicted under some proper pleading, the parties were precluded.

The appellants offered to prove by the witness that the $197,000 of stock was issued to Comegeys & Lewis without any consideration whatever. The offer was excluded.

Of the exclusion of this offered evidence, and other

like evidence, the appellants complain in this court. Conceding all that the appellees contend for, that the contract for the payment for the stock in the construction of the system was valid, that it was legitimate to issue the stock in payment for the system, that the creditors, though not parties to the contract, were bound by its terms, and could not question the propriety or prudence of the contract, or whether the consideration paid for the system was excessive, we do not see how it can be contended that the contract showed a compliance by Comegeys & Lewis with its terms.

It did not appear upon the face of the contract that the water system had been constructed, and that the bonds and stock were issued in payment therefor. The inquiry of the secretary of the company was not, as contended, for an oral statement of the terms of the contract, or the conditions upon which it was agreed that the stock and bonds should issue. The inquiry indicated its purpose, and the offer to prove stated the object of the inquiry to be, not what was agreed to be done, as to payment for the stock, but what was done as to the payment. .

So far as this witness was concerned, it did not appear that Comegeys & Lewis had not received the stock without complying, or attempting to comply, with the terms of the contract.

The material question under the issues was, had the stock been paid for? True it is that the manner of payment was necessarily involved in the cause, but that question could not so far take precedence of the question as to whether payment had been made at all as to exclude it entirely.

The judgment of the circuit court is reversed, with directions to sustain the appellants' motion for a new trial.

Filed April 25, 1893.